IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BUZZNICK, LLC, and STATIC MEDIA, LLC,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:22-cv-00369-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Minden Pictures, Inc.'s Motion for Default Judgment against Defendants Buzznick, LLC and Static Media, LLC under Federal Rule of Civil Procedure 55(b)(2).[1] In addition to requesting default judgment, Minden Pictures seeks an award of statutory damages under 17 U.S.C. § 504, and injunctive relief under 17 U.S.C. §§ 502, 503.[2] For the reasons explained below, the court GRANTS the request for default judgment, but DENIES the requested statutory damages award and injunctive relief. But before entering final judgment, Minden Pictures is given fourteen days to file supplemental briefing, not to exceed ten substantive pages, concerning the appropriate amount of statutory damages. Accordingly, the Motion is GRANTED IN PART and DENIED IN PART.

---

[1] Dkt. 18.

[2] *Id.* at 1–2.

**BACKGROUND AND PROCEDURAL HISTORY**

Minden Pictures filed the instant action on June 2, 2022, alleging Defendants violated its exclusive rights under the Copyright Act, 17 U.S.C. § 106.[3] In particular, it avers Defendants reproduced and distributed a copyrighted photograph of a Christmas Island red crab (Work) on their website, www.buzznicked.com (Website), without permission.[4] According to Minden Pictures, the Website "features human interest stories regarding art, animals, world, creepy, LOL, history, people, . . . and DIY."[5] The infringing use was an article about a rather photogenic phenomenon: the Christmas Island mass red crab migration, when millions of bright red crustaceans emerge from the forests and swarm to the ocean to breed.[6] The Work, depicting a single red crab standing on a closed road, was used alongside over a dozen other photographs of red crabs.[7]

However, Defendants never acknowledged or responded to Minden Pictures' allegations. After nearly three months without an answer, Minden Pictures filed a Motion for Entry of Default,[8] which the court granted on October 3, 2022.[9] Over the next few months, Minden Pictures avers it "delayed filing a motion for default judgment while investigating the possibility

---

[3] *See* Dkt. 2, *Complaint for Copyright Infringement* ¶ 1.

[4] *Id.* ¶¶ 3–6.

[5] *Id.* ¶ 3.

[6] *Id.* ¶¶ 19–22; Dkt. 2-2, *Infringing Use* (*50 Million Red Crabs Swarm Christmas Island Every Year*); *see also Red Crab Migration*, CHRISTMAS ISLAND NATIONAL PARK, https://parksaustralia.gov.au/christmas/discover/highlights/red-crab-migration/ (last visited Feb. 9, 2023).

[7] *See* Dkt. 2-2 at 2–7.

[8] Dkt. 11.

[9] Dkt. 14, *Clerk's Entry of Default Certificate*.

of a settlement with Defendants . . . ."[10] Nevertheless, on January 26, 2023, Minden Pictures filed the instant Motion, requesting entry of default judgment against Defendants for copyright infringement.[11] Minden Pictures also seeks an award of $50,000 in statutory damages under 17 U.S.C. § 504, along with pre- and post-judgment interest.[12] Finally, Minden Pictures requests "an injunction against Defendants to prevent further infringement and an order requiring destruction of all copies of the copyrighted work in Defendants' possession."[13]

The court will first explain the legal standards governing default judgment before ultimately addressing the merits of Minden Pictures' requests.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment against a defaulting party.[14] First, the Clerk of Court will enter a default against a party that "has failed to plead or otherwise defend" against claims for affirmative relief.[15] As noted above, Minden Pictures has already successfully moved for an entry of default by the Clerk of Court.[16] Second, where the non-defaulting plaintiff seeks default judgment for an amount other than a "sum certain or a sum that can be made certain by computation,"[17] as

---

[10] Dkt. 17, *Response to Order to Show Cause*.

[11] Dkt. 18.

[12] *Id.* at 1–2.

[13] *Id.*

[14] *See* Fed. R. Civ. P. 55; *DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-CV-00574-JNP, 2022 WL 3108232, at *2 (D. Utah Aug. 3, 2022).

[15] Fed. R. Civ. P. 55(b)(1).

[16] *See* Dkt. 14.

[17] Fed. R. Civ. P. 55(b)(1).

Minden Pictures seeks here, the plaintiff must then "apply to the court for a default judgment" under Rule 55(b).[18]

Although "the entry of a default judgment is committed to the sound discretion of the district court,"[19] there are steps the court must follow before granting default judgment. First, there is an affirmative duty to "assess . . . subject matter jurisdiction and personal jurisdiction before granting default judgment."[20] Next, the court must consider whether the plaintiff's well-pleaded allegations of fact, deemed admitted by the defendant's default,[21] provide a sufficient basis for the requested judgment.[22] In evaluating the sufficiency of the pleadings, "[t]he court may consider declarations and other exhibits . . . ."[23] Accordingly, the court will consider whether the allegations set out by Minden Pictures' Complaint and the accompanying exhibits provide a basis for the default judgment requested.

## ANALYSIS

Before evaluating the sufficiency of Minden Pictures' claim against Defendants, the court first considers its jurisdiction over the instant action and parties. Next, the court assesses Minden Pictures' extraordinary request for $50,000 in statutory damages along with pre- and post-

---

[18] Fed. R. Civ. P. 55(b)(2).

[19] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

[20] *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1330 (D. Utah 2006); *see also Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties.").

[21] *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[22] *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("There must be a sufficient basis in the pleadings for the judgment entered." (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

[23] *Reborn Baby Mart*, 2022 WL 3108232, at *2 (citing *Major Bob Music v. Shore Sports Bar & Grill, Inc.*, No. 2:08-cv-689, 2010 WL 2653330, at *1 (D. Utah June 30, 2010)).

judgment interest. Finally, the court addresses the appropriateness of the injunctive relief sought by Minden Pictures.

I. **Jurisdiction**

The court has federal question subject matter jurisdiction over the action because Minden Pictures' claim arises under the Federal Copyright Act, 17 U.S.C. § 501.[24] And the record evinces that both Defendants are Utah limited liability companies with principal places of business in Utah.[25] Because the Defendants are Utah residents, the court can exercise personal jurisdiction over them.[26] Thus, the court satisfies its duty to assess both subject matter and personal jurisdiction, and can proceed to the sufficiency of Minden Pictures' copyright infringement claim.

II. **Copyright Infringement**

"To state a claim for copyright infringement, a plaintiff must show '(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.'"[27] Minden Pictures has met both requirements. First, it has established ownership of Registration No. VA 2-050-164, which includes the photograph of the Christmas Island red crab.[28] Second, it has shown that Defendants copied the Work before distributing it as part of their article on the red

---

[24] Dkt. 2 ¶ 7; *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

[25] Dkt. 2 ¶¶ 9–12; Dkt. 11-1, *Exhibit A to Motion for Entry of Default: Static Media Business Search Results*; Dkt. 11-2, *Exhibit B: Buzznick Business Search Results*.

[26] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place.").

[27] *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (quoting *TransWestern Publ'g Co. v. Multimedia Mktg. Assocs.*, 133 F.3d 773, 775 (10th Cir. 1998)).

[28] Dkt. 2 ¶¶ 13–16; Dkt. 2-1, *Exhibit 1 to the Complaint: Copyright Registration*.

crab migration.[29] Accordingly, Minden Pictures has established a claim for copyright infringement.[30]

### III. Statutory Damages

Although the threshold requirements for default judgment are satisfied, "[d]efault judgment . . . cannot be entered until the amount of damages has been ascertained."[31] And the court must not blindly approve requested damages, but rather, evaluate requests to ensure that any award is "supported by actual proof."[32] To that end, Rule 55(b)(2)(B) provides that "[t]he court may conduct hearings" to facilitate its determination of the amount of damages warranted under the circumstances."[33] However, a court may enter judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."[34]

Minden Pictures seeks an award of statutory damages under the Copyright Act, which courts have found to be ascertainable without requiring a formal hearing under Rule

---

[29] Dkt. 2 ¶¶ 17–24; Dkt. 2-2.

[30] *See DP Creations, LLC v. Li*, No. 2:22-cv-00337-TC, 2022 WL 17620388, at *2 (D. Utah Dec. 13, 2022) ("Both elements are present where a Defendant made and distributed exact copies of a registered copyrighted work.").

[31] *Stampin' Up!, Inc. v. Hurst*, No. 2:16-cv-00886-CW, 2018 WL 2018066, at *6–7 (D. Utah May 1, 2018) (citing *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)).

[32] *Cf. id.* ("One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof."); *see also OTO Software, Inc. v. Highwall Techs., LLC*, No. 08-CV-01897-PAB-CBS, 2011 WL 3236049, at *5 (D. Colo. July 5, 2011) ("In order to fulfill its obligation to ensure that damages are appropriately awarded, the court must do more than merely accept at face value the movant's statement of damages.").

[33] Fed. R. Civ. P. 55(b)(2)(B).

[34] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

55(b)(2)(B).³⁵  In relevant part, the Copyright Act provides that a "copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 as the court considers just."³⁶  However, where the copyright infringement was "willful," as Minden Pictures alleges,³⁷ 17 U.S.C. § 504(c)(2) allows the court to "increase the award of statutory damages to a sum of not more than $150,000."³⁸

At first glance, Minden Pictures' request for statutory damages strikes the court as remarkable.  Based on Defendants' unauthorized use of a single copyrighted photograph—alongside more than a dozen similar photographs of migrating red crabs—Minden Pictures argues it is entitled to $50,000, with applicable pre- and post-judgment interest.³⁹  It reached this amount "by multiplying a licensing fee of $1,000.00 per year for at least two years of infringement by Defendants, by a deterrence factor of 5 and a willfulness factor of 5."⁴⁰  Yet other than offering conclusory allegations and a vague declaration,⁴¹ Minden Pictures does not

---

³⁵ *See Malluk v. Berkeley Highlands Prods., LLC*, No. 19-cv-01489-CMA, 2020 WL 1033339, at *2 (D. Colo. Mar. 3, 2020) ("[T]he hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it."); *see also Overcash v. United Abstract Grp., Inc*., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) ("To award damages [under Rule 55(b)(2)], it is not necessary for a court to hold a hearing; instead a court may rely upon affidavits and documentary evidence.").

³⁶ 17 U.S.C. § 504(c)(1).

³⁷ *See* Dkt. 2 ¶ 33.

³⁸ 17 U.S.C. § 504(c)(2).

³⁹ *See* Dkt. 18 at 5–10; Dkt. 2-2.

⁴⁰ Dkt. 18 at 5.

⁴¹ *See* Dkt. 18-2, *Exhibit B to the Motion: Declaration of Catherine Converse*.

provide the detailed factual allegations and evidence needed to support an award even approaching $50,000.[42]

Moreover, the court notes at least two other deficiencies that weigh against Minden Pictures' requested statutory damages award. First, the Copyright Act limits statutory damages awards to $30,000 "with respect to any one work," unless "the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully . . . ."[43] To support a finding of willfulness, "the plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement."[44]

While Minden Pictures alleges that "Defendants' acts were willful,"[45] it has not offered sufficient factual allegations for the court to reach the same conclusion.[46] For example, there are no allegations that Defendants downloaded the Work from Minden Pictures' website,[47] or that "Defendant[s] refused to license or refrain from using the [Work] . . . upon learning of . . . [the]

---

[42] *See Malluk*, 2020 WL 1033339, at *2–4 (awarding the minimum of $750 where "Plaintiff furnished no allegations or evidence upon which . . . [the court could] rely to award statutory damages it 'considers just'" (quoting 17 U.S.C. § 504(c)(1)); *see also Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by *detailed* affidavits establishing the necessary facts." (emphasis added)).

[43] 17 U.S.C. § 504(c).

[44] *Nunes v. Rushton*, No. 2:14-cv-627, 2018 WL 2214593, at *1 (D. Utah May 14, 2018).

[45] Dkt. 2 ¶ 33; Dkt. 18 at 3.

[46] *See Malluk*, 2020 WL 1033339, at *4 (discussing factual allegations that rise to the level of establishing willful infringement in the Tenth Circuit).

[47] *Compare* Dkt. 2 ¶ 6 ("Defendants copied [the] . . . Work from the internet"), *with Reborn Baby Mart*, 2022 WL 3108232, at *7 ("[T]he evidence demonstrates that [Defendant] . . . misappropriated the images . . . directly from [the copyright owner's] . . . website with the intent to deceive customers into purchasing their products.").

alleged infringement."[48] On the contrary, the record suggests Defendants promptly removed the Work when confronted with Minden Pictures' cease-and-desist letter.[49] Thus, the court cannot agree that Defendants willfully violated Minden Pictures' exclusive rights based on the allegations presented.

Second, section 504(c)(1) allows recovery of statutory damages "in a sum of not less than $750 or more than $30,000," but only "as the court considers just." Importantly, courts have "broad discretion to assess what is just in a particular case, considering the nature of the copyright, the circumstances of the infringement and the like, so long as the amount is neither more than the maximum nor less than the minimum."[50] In the Tenth Circuit, specifically, courts generally follow the practice of awarding "statutory damages double or treble the underlying license fee"[51]—far from the tenfold award sought by Minden Pictures.[52] In this District, courts have also noted several factors that should be considered when determining an appropriate copyright statutory damages award:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyrights; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has

---

[48] *See Malluk*, 2020 WL 1033339, at *3 (finding the lack of an allegation that "Defendant refused to license or refrain from using [a] Photograph . . . upon learning of [the] . . . alleged infringement" probative to the court's conclusion that the plaintiff failed to demonstrate willfulness).

[49] *See* Dkt. 2-3, *Exhibit 3 to the Complaint: Demand Letters* at 11.

[50] *Zuffa, LLC v. Gonzalez*, No. 17-cv-01805-CMA-NYW, 2017 WL 6016403, at *4 (D. Colo. Nov. 14, 2017) (internal quotation marks and citations omitted).

[51] *Innovative Sports Mgmt., Inc. v. Castillo*, No. 19-cv-01596-REB-NYW, 2020 WL 12584442, at *9 (D. Colo. Apr. 30, 2020), *report and recommendation adopted*, 2020 WL 12584445 (D. Colo. July 27, 2020); *see also Major Bob Music*, 2010 WL 2653330, at *3 ("[C]ourts routinely award as statutory damages in cases such as this amounts that are between two and three times the license fees owed.").

[52] *See* Dkt. 18 at 5.

cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.[53]

On balance, these factors militate toward a far lower award than Minden Pictures requests. There appears no reason to set a new high watermark for statutory damages under these circumstances.

In sum, Minden Pictures' request for $50,000 in statutory damages cannot be squared with its conclusory allegations and the court's obligation to ensure that any award under section 504(c)(1) is "just." However, rather than reject Minden Pictures' request outright, the court will allow it fourteen days to file supplemental briefing on statutory damages, not to exceed ten substantive pages, before entering final judgment. The court notes that any supplemental briefing should address the seven factors referenced above and provide supporting authority from the Tenth Circuit.

## IV. Injunctive Relief

In addition to a statutory damages award, Minden Pictures seeks "a permanent injunction requiring Defendants to immediately and permanently purge all copies of the Work[] in their possession, custody, or control . . . ."[54] Indeed, the Copyright Act authorizes a court to grant such an injunction as reasonably needed to prevent or restrain infringement of a copyright.[55] However, the plaintiff must first demonstrate:

---

[53] *Klein-Becker USA, LLC v. Englert*, No. 2:06-cv-378-TS, 2011 WL 147893, at *14 (D. Utah Jan. 18, 2011) (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir.1986)).

[54] Dkt. 18 at 10.

[55] 17 U.S.C. § 502(a).

> (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[56]

Notably, the plaintiff "must establish all four elements, and the [c]ourt does not apply any presumption in [p]laintiff's favor on any of these . . . requirements."[57]

While Minden Pictures has demonstrated the balance of these elements, it has failed to establish the second element: "a significant risk that [it] . . . will experience harm that cannot be compensated after the fact by monetary damages."[58] To be sure, Minden Pictures has alleged that the Work "lost significant value" and "actual damages are difficult to determine because Defendants' default has precluded [Minden Pictures] . . . from discovering the full scope of Defendants' infringement."[59] And the Tenth Circuit has acknowledged, under similar circumstances, that a court "may find irreparable harm based upon evidence suggesting it is impossible to precisely calculate the amount of damage plaintiff will suffer."[60] But even assuming Minden Pictures has shown irreparable harm, it has alleged no facts indicating Defendants are likely to further infringe upon its copyright. As noted above, the record indicates Defendants promptly pulled the Work after receiving Minden Pictures' cease-and-desist letter, suggesting Defendants are unlikely to continue using the Work.[61]

---

[56] *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009) (citation omitted).

[57] *Shumaker v. Burgess Servs., LLC*, No. 21-cv-2291-WJM-MEH, 2022 WL 4104272, at *4 (D. Colo. Sept. 8, 2022) (citing *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016)).

[58] *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (internal quotation marks omitted).

[59] Dkt. 18 at 9.

[60] *Sw. Stainless*, 582 F.3d at 1191 (internal quotation marks and citation omitted).

[61] *See* Dkt. 2-3 at 11.

Accordingly, the court finds that Minden Pictures is not entitled to a permanent injunction because it has not met its burden of showing a "significant risk of . . . further irreparable harm."[62]

## CONCLUSION

For the foregoing reasons, the court orders as follows:

(1) Default judgment against Defendants on Minden Pictures' copyright infringement claim is GRANTED. However, because "[d]efault judgment . . . cannot be entered until the amount of damages has been ascertained,"[63] the court will defer entry of the final judgment until the amount of damages has been determined.

(2) Minden Pictures' request for $50,000 in statutory damages is DENIED. Minden Pictures shall have fourteen (14) days from the date hereof to file supplemental briefing, not to exceed ten (10) substantive pages, concerning the appropriate amount of statutory damages.

(3) Minden Pictures' request for a permanent injunction is DENIED.

Accordingly, Minden Pictures' Motion is GRANTED IN PART and DENIED IN PART.

SO ORDERED this 27th day of February, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[62] *Shumaker*, 2022 WL 4104272, at *4 (denying a permanent injunction under similar circumstances).
[63] *Stampin' Up!*, 2018 WL 2018066, at *6–7 (citing *Herzfeld*, 100 F.R.D. at 773).